Magie *v.* German Evangelical Dutch Church.

SETH W. MAGIE *vs.* THE GERMAN EVANGELICAL DUTCH CHURCH OF NEWARK and others.

The trustees of a religious, literary, or other benevolent association, irrespective of any special power conferred by their charters, cannot purchase and hold real estate under trusts of their own creation which shall protect their property from the reach of their creditors.

Where property is *given* to a corporation in trust for a charitable use the trust is the creature of the donor, and he may impose upon it such character, conditions, and qualifications as he may see fit.

But the case is widely different where a corporation attempts, by means of its own devising, however honest and well intentioned, to place its own property beyond the reach of its creditors.

The premises in question, and upon which the defendants had erected a house of worship, were conveyed to them for the consideration of one thousand dollars. The deed was an absolute conveyance in fee upon certain trusts that the property should be held as a Lutheran church for ever, &c., and contained a clause that the grantee should not by deed alienate, dispose of, or otherwise charge or encumber said property, &c. The corporation executed a mortgage to secure a legitimate debt.

*Held,* that the corporation had the legal title to the land, and the power at law of executing the mortgage, and that there was no equity in refusing to enforce the mortgage for the payment of an honest debt of the corporation under color of protecting a charitable use.

---

The case was argued on bill, answer, and the admissions of the counsel. The facts on which the case was decided appear in the opinion of the court.

*T. Runyon,* for complainant.

*J. P. Bradley,* for defendants.

THE CHANCELLOR. The only question submitted for the consideration of the court is the power of the corporation to encumber the premises by mortgage. For the purpose of the present inquiry, the existence and *bona fides* of the debt and the due and formal execution of the mortgage by authority of the corporation is conceded. The defendants, being an organized religious society or congregation,

G*

were incorporated under the act to incorporate trustees of religious societies. *Nix. Dig.* 686.

The mortgaged premises were conveyed to them by Samuel H. Conger and wife, by deed dated the 31st of October, 1839, for the consideration of one thousand dollars, upon which the defendants have erected a house of worship. The deed is an absolute conveyance in fee upon the following trust, *viz.* "to have and to hold the said property as an Evangelical Lutheran church for ever, in which the doctrine of the Augsburg confession and Luther's smaller catechism shall be taught and adhered to; and provided that, if necessary, the privilege of preaching in the English language, besides the German, shall be granted to the rising generation, until such a time that a separate church can be provided for an English congregation, so, however, that the Germans shall always have the right to select their time for worship; and provided further, that the said party of the second part shall not, by deed, mortgage, or by any other ways or means, alienate, dispose of, or otherwise charge or encumber said property, excepting the mortgage now given to Samuel H. Conger to secure part of the purchase money of said premises. And provided further, that in case these conditions be violated, then any one or more regular members shall have the right of applying to the Evangelical Lutheran Ministerium of the state of New York and adjacent parts, with which the congregation is connected, to take possession of, hold, and keep said property in trust for carrying out the above named purposes: and in case said conditions be violated, and no appeal made to the said Evangelical Lutheran Ministerium of the state of New York and adjacent parts, then the officers of said ministerium shall constitute a board of trustees, with full powers to secure said property for the above named purposes."

No evidence has been taken in the cause. These facts and the terms of the trust have been derived from the

admissions of counsel upon the argument, and from the allegations of a bill filed by the defendants against Moschamp, (2 *Stockton*), which is used by consent as evidence for the purposes of the present investigation.

Independent of the character of a trust impressed upon the property by the terms of the conveyance, the condition annexed to the grant, that the property shall be inalienable, is clearly void.

An unlimited power of alienation is an inseparable incident of an estate in fee simple, and cannot be restrained by any provision or condition whatever. 1 *Cruise's Dig.*, *Tit.* 1, § 53; 4 *Cruise's Dig.*, *Tit.* 32, c. 23, § 1, 2; *Co Litt.* 206, c. 223 *a; Litt.* § 360.

A condition repugnant to the nature of the estate to which it is annexed, as that a tenant in fee shall not alien, is void in its creation. 2 *Cruise's Dig.*, *Tit.* 13, c. 1, § 19, 32.

But it is urged that the principle is not applicable to the conveyance now under consideration, inasmuch as the property is conveyed by the grantor to a religious corporation for a charitable use upon this special trust, among others, that it shall be held " as an Evangelical Lutheran church for ever," and shall not be alienated, disposed of, charged or encumbered, by deed, mortgage, or by any other ways or means.

The trust was not created by *gift* or *devise*. The land was purchased by the corporation for a valuable consideration, and the church has been erected, it must be presumed, by the funds of the corporation. The trust therefore, in the deed, it is fair to assume was inserted by the defendants at their own instance and for their own benefit and protection.

Nor is the trust created or protected, or the alleged inability to convey imposed by the charter of the defendants as a body corporate. On the contrary, by their act of incorporation, the defendants are authorized not only to purchase and hold lands for the use of the congregation,

but "the same, or any part thereof, to sell, grant, assign, demise, alien, and dispose of."

The inquiry, then, results in this—may the trustees of a religious, literary, or other benevolent association, irrespective of any special power conferred by their act of incorporation, purchase and hold real estate under trust of their own creation which shall protect their property from the reach of their creditors, and shield it against appropriation for the payment of their just debts? Is that a charitable use which a court of equity is bound to protect? Where property is given to a corporation in trust for a charitable use, the trust is the creature of the donor. He may impose upon it such character, conditions, and qualifications as he may see fit. The property being a gift, no wrong is thereby done to the creditors of the corporation, and a court of equity may well protect and enforce all the conditions of the gift. But the case is widely different where a corporation attempts by means of its own devising, however honest and well intentioned, to place its own property beyond the reach of its creditors. This certainly is not a charitable use which a court of equity can be called upon to protect and enforce.

So far as this deed, by means of the trusts contained in it, dedicates the property to the exclusive enjoyment of the religious society for whose use it was designed, and limits and regulates the terms of that enjoyment, the trusts will be protected and enforced by the court. The corporators had a clear right to specify the purposes to which the property should be dedicated and the uses to which it should be appropriated. But the attempt to restrain the powers of alienation for the necessary uses of the corporation is illegal, and the condition imposing such restraint is inoperative and void.

The corporation had the legal title to the land and the power at law of executing the mortgage. There is no equity in refusing to enforce the mortgage for the payment of the honest debts of the corporation under color of protecting a charitable use.